## COMINS *vs.* BRADBURY.

10   447
105   423
f105   427

In trespass *quare clausum fregit* for locating a road through the plaintiff's grounds, the defendant justified as Agent of the State, and under the authority of a legislative Resolve ; — but, it appearing that the resolve directing the location of the road, made no provision for a "just compensation" to the owner of the property, agreeably to the provisions of the constitution, the justification was held to be insufficient.

Compensation in such case, should be made *when* the property is taken.

This was an action of trespass *quare clausum fregit.* Plea, the general issue, which was joined.

The injury proved, was the location of a State road for about two hundred rods through the plaintiff's grounds, his title to which was admitted.

The defendant justified under two resolves of the Legislature of *Maine*, one passed *March* 12, 1830 — the other, *March* 28, 1831, which directed the location of the road in question, but made no provision for compensation to the owners of the land through which the road was to pass.

It was admitted, that the defendant was duly appointed Agent of the State under said resolves. And it appeared that the road was located and made under his authority.

*Weston J.* intending to reserve the question of justification arising from this authority, and with a view to have the jury determine the amount of damages, ruled that the justification was not made out.

The jury returned a verdict for the plaintiff, on which judgment was to be entered, or the verdict set aside and a new trial granted, as the opinion of the whole Court should be upon the ruling aforesaid.

*Rogers, Attorney General,* for the defendant, contended that, there was no necessity for directing a remuneration to the citizen in the act by which his property is directed to be taken for public uses, because it is already secured to him by the constitution. If, therefore, redress had been provided in the law authorizing the laying out of the road, it would have given the defendant no greater right than he then already enjoyed.

The mode of seeking redress is by petition ; — this results from the nature of the case, and the parties. It is such a redress as all who have claims against the State are obliged to resort to, not having the power to sue.

Suppose the act had provided a remedy or compensation, what could it have been ? Must the surveyor go with the money in his hands when he takes the land ? Must the acts be simultaneous ?

In the case of private corporations it may be and is provided, that the citizen whose property may be taken shall have a right of action against the corporation. It is not required that, the money or measure of redress should be advanced. Now shall the same rights be denied to the State which are granted to private corporations ? Shall it be assumed that the State would be unwilling to do what was just and right ? And assumed as a legal ground of action ?

There are no decisions that say the indemnity should precede, or even accompany the act of taking — but simply that there shall be an indemnity.

The defendant being duly authorized by the State — and the act being lawful in itself — this action cannot be maintained.

*McGaw* and *Sprague*, for the plaintiff, maintained the unconstitutionality of the resolve.

1. Because no measures preceded the taking of the defendant's property, to show that " *the public exigencies required it.*" *Const. of Maine, art.* 1. *sec.* 21.

2. Because the laying out of this road was a *judicial* act — therefore not competent for the legislature to do it. *Const. of Maine, art.* 3 ; *Lewis v. Webb,* 3 *Greenl.* 326.

3. Because it directed the taking of private property without making " *just compensation.*" 21*st art. of Const.*

WESTON J. delivered the opinion of the Court.

The Legislature, in providing for the location and for the making of the road, of which the plaintiff complains, doubtless believed that they were conferring a favour upon all, through whose lands it might pass ; and this is understood to be true, with the single exception of the plaintiff's case. Had its ef-

fect upon him been foreseen or contemplated, we may well presume that the object would not have been prosecuted, without making provision for his relief.

The right of acquiring, possessing and protecting property, is declared by the constitution of this State, *art.* 1, *sec.* 1, to be one of those, which are natural, inherent and unalienable. And the history and experience of mankind prove that it is essential to individual and to public prosperity, that every man should be secure in the enjoyment of the fruits of his own industry. The force of this principle cannot in any degree be impaired, without relaxing the springs of exertion and enterprize. When the right of property *is* assailed by private injustice, fraud or oppression, the laws of all civilized governments furnish adequate remedies. But there have been periods when, and there are now portions of the world where, the insecurity of property has been occasioned, and does arise, principally from the injustice of the government. In modern times, however, there has very generally prevailed a more enlightened and liberal policy, even in governments possessing absolute or uncontrolled power. And where private property *is* taken for public purposes, which is sometimes necessary, compensation is almost uniformly made. This is a duty, flowing from the right of ancient domain, which would rarely be controverted at the present day.

But the people of this State have secured to every citizen a suitable equivalent in such cases, by a direct constitutional provision. This is to be found in the twenty-first section of the first article of the constitution, which declares that private property shall not be taken for public uses, without just compensation ; nor unless the public exigencies require it. A scrupulous regard has always been paid to this provision, in granting turnpike, canal and other corporations, which might interfere with private rights.

It is insisted that the present action ought not to be sustained ; inasmuch as the plaintiff might have full justice done him upon petition to the Legislature. But this could not have been the mode, by which to obtain the indemnity, contemplated by the constitution. It is of too precarious and uncertain a character. Compensation must be made or provided for, when the

property is taken. It is upon that condition alone, that such taking is authorized.

Upon the facts presented in this case, the justification relied upon has not been made out.

*Judgment on the verdict.*