LYMAN J. PRATT *vs.* GEORGE SWEETSER.

Cumberland.   Decided July 1, 1878.

*Easement.*

The non-user of an easement for twenty years is evidence of intention to abandon; but it is open to explanation, and may be controlled by proof that the owner had no such intention while omitting to use it. .

ON EXCEPTIONS from the superior court.

TRESPASS *quare clausum.*

The defendant set up a right of way over the *locus in quo,* which was the upland mowing field of the plaintiff, for taking off marsh hay from his marsh adjoining the premises on which the trespass was alleged to have been committed, and introduced evidence tending to show that such right of way had been acquired by him and those under whom he claimed, by prescription.

The plaintiff claimed that there had never been an adverse or continuous use of the way in question for said purpose, for twenty consecutive years, and introduced evidence tending to show non-user, an abandonment and an interruption of use of the way, and that the line of travel over which the hay had been taken off was not the same each year.

The presiding justice instructed the jury as in the opinion appears; and the defendant alleged exceptions.

*M. P. Frank & P. J. Larrabee*, for the defendant.

*A. A. Strout & G. F. Holmes*, for the plaintiff.

VIRGIN, J. The defense set up was a prescriptive right of way across the *locus*. To this the plaintiff replied that, if the defendant had acquired such a right, he subsequently lost it by abandonment. Upon this point the presiding justice instructed the jury as follows:

" The question is whether, at any period in the past, the owners of the marsh, by such use as I have described, had obtained a right of way by prescription. Such a right of way, if once obtained, would continue until it was voluntarily abandoned with an intention to abandon it, or until it had ceased to be used for a period of twenty years.

" If you should find at sometime there was such a right of way, then, upon the question whether it continued or not down to the trespass, this would be the rule. It could be destroyed in two ways; and these two ways are all it is necessary for me to consider. First, by voluntary abandonment of it. If at any time the owners of the marsh had another right of way, and gave up this right of way with the intention to abandon it,—if that is proved, their right would cease at once. On the other hand, if there is no proof of that, notwithstanding they did not intend to abandon, but did not use it, then that non-use must continue for twenty years before the right by prescription fails. Having once obtained a right of way, they may abandon it at any time they see fit, and if the intention is proved, that is the end of it; or if they cease to use it for twenty years, then their right terminates in that way."

By giving this unqualified statement as to the effect of non-user, though some of the authorities sustain it, we think the learned judge erred. For, even if, as suggested by some of the authorities, there is any sound distinction between easements created by deed and those acquired by prescription, the right is not necessarily lost by mere non-user for twenty years. The bet-

ter doctrine seems to be that non-user for the period mentioned is evidence of an intention to abandon; but it is open to explanation, and it may be controlled by evidence that the owner had no such intention while omitting to use it. Wash. Easements, 673. 3 Kent Com. (12th ed.) 449, and notes. *Farrar* v. *Cooper*, 34 Maine, 394.

∘ *Exceptions sustained.*
*New trial granted.*

APPLETON, C. J., WALTON, BARROWS, PETERS and LIBBEY, JJ., concurred.