**BOARD OF SELECTMEN, TOWN OF CHINA**

v.

**KENNEBEC COUNTY COMMISSIONERS and Donald Farrington et al. and Rodolphe Morais et al.**

Supreme Judicial Court of Maine.

Nov. 8, 1978.

Smith & Stein by Jeffrey A. Smith (orally), Hallowell, for plaintiff.

Farris & Foley, P. A. by Richard A. Foley (orally), Augusta, for Morais.

Lipman, Parks, Livingston & Lipman by David M. Lipman (orally), Augusta, for Farringtons.

Joseph M. Jabar, Augusta, for Commissioners.

Before McKUSICK, C. J. and POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

GODFREY, Justice.

On or about May 18, 1976, appellees Farrington, residents of the Town of China, filed with the Kennebec County Commissioners a petition to compel appellant Town of China to repair a road known as Arnold Road, on which their land abutted. Petitioners based their claim on the provisions of 23 M.R.S.A. §§ 3651, 3652 (1964).[1] In their petition, they alleged, among other things, that the road was a county road and that it was not kept in repair so as to be safe for travelers with motor vehicles. They prayed that the commissioners, after due notice and hearing, adjudge the way to be unsafe and describe what repairs should be made and when the town should make them. On or about July 19, 1976, appellees Morais, whose land adjoined that of the Farringtons on Arnold Road, filed a generally similar petition with the commissioners. On December 21, 1976, after viewing the road and hearing evidence of its history, the commissioners ordered a portion of the road repaired on the Farrington petition. On January 4, 1977, they made a similar order on the Morais petition.

Between the time of filing of the petitions and the date of the commissioners' orders, new legislation became effective, chapter 304 of title 23 of the Revised Statutes, effective July 29, 1976.[2] Included in

1. Section 3651 has been since amended. P.L. 1977, ch. 363, § 5.

2. Enacted by section 8 of P.L.1975, ch. 711.

that legislation was 23 M.R.S.A. § 3028, then providing as follows:[3]

"It shall be prima facie evidence that a town or county way established prior to January 1, 1946, and not kept passable for the use of motor vehicles at the expense of the municipality or county for a period of 30 or more consecutive years next prior to January 1, 1976, has been discontinued by abandonment. A presumption of abandonment may be rebutted by evidence that manifests a clear intent by the municipality or county and the public to consider or use the way as if it were a public way. No municipality or its officials shall be liable for nonperformance of a legal duty with respect to such ways if there has been a good faith reliance on a presumption of abandonment. Any person affected by a presumption of abandonment, including the State or a municipality, may seek declaratory relief to finally resolve the status of such ways. A way that has been abandoned under this section shall be relegated to the same status as it would have had after a discontinuance pursuant to section 3026, except that this status shall be at all times subject to an affirmative vote of the legislative body of the municipality within which the way lies making that way an easement for recreational use."

In the proceedings before the commissioners the Town of China sought by resort to the new statute to show abandonment of the Arnold Road, but the commissioners declined to rule on the issue of abandonment. Their orders of December 21, 1976, and January 4, 1977, were silent with respect to any question of abandonment of the road.

The town brought a Rule 80B complaint against the county commissioners to review the two orders, and on May 26, 1977, the Superior Court held that the orders had failed to adjudge that the town had an obligation to maintain the Arnold Road or

to recite facts from which a finding to that effect could be inferred. The court remanded the matter to the commissioners for findings bearing on the jurisdiction of the commissioners to issue such orders. The court did not reserve jurisdiction over the controversy.

On June 20, 1977, the Town of China brought in the Superior Court the present complaint for a declaratory judgment to determine (1) whether 23 M.R.S.A. § 3028 "applies in this case," and (2) whether a presumption of abandonment "exists as to" the Arnold Road.

On August 2, 1977, the Kennebec County Commissioners issued two new orders on the Farrington and Morais petitions, finding the town liable for repair of Arnold Road and ordering repair by November 1, 1977. The town did not appeal the new orders but merely sought a stay of the operation of the orders pending determination of the declaratory judgment action. On August 30, 1977, the Superior Court granted a ten-day stay, which expired on September 9. The thirty-day period for a Rule 80B appeal from the commissioners' orders expired without the taking of any appeal.

On September 26, 1977, the Superior Court, pursuant to motion under Rule 12(c), M.R.Civ.P., granted judgment on the pleadings against the town in the instant declaratory judgment action. It is the town's appeal from that judgment of dismissal that is now before us. On November 1, 1977, this court stayed the operation of the August 2 orders of the commissioners pending appeal.

We sustain the Town of China's appeal and remand to the Superior Court for trial on its prayer for a declaratory judgment determining whether the Arnold Road has been abandoned pursuant to section 3028.

■ The appellees are correct in asserting that the county commissioners' orders

---

**3.** Section 3028 was later amended by P.L.1977, ch. 479, § 4, effective July 8, 1977, to insert as the third sentence the following provision: "A proceeding to discontinue a town or county

way shall not prevent or stop a municipality from asserting a presumption of abandonment."

became final upon the failure of the town to exercise its right of appeal under Rule 80B. The question then is whether the county commissioners' orders bar the town's complaint seeking a declaratory judgment under 23 M.R.S.A. § 3028 (Supp.1965–1978) that the county way has been abandoned. We answer in the negative.

Under section 3028, enacted as a new provision of our statutory law to be effective July 29, 1976, evidence that "a town or county way established prior to January 1, 1946, and not kept passable for the use of motor vehicles at the expense of the municipality or county for a period of 30 or more consecutive years next prior to January 1, 1976," creates a presumption of abandonment. The same section 3028 prescribes the forum and procedure for final adjudication of the issue of such abandonment: "Any person affected by a presumption of abandonment, including the State or a municipality, may seek declaratory relief to finally resolve the status of such ways." Section 3028 contemplates that any person, including a municipality, affected by its presumption of abandonment must seek relief in the Superior Court, which has general jurisdiction to issue declaratory judgments. 14 M.R.S.A. § 5953 (1964); 4 M.R.S.A. § 105 (1978).

The county commissioners did not err in declining to consider the town's assertion of a section 3028 abandonment as a defense to the landowners' petitions for repair of the Arnold Road. When the legislature created a new substantive rule that nonapplication of public funds to keep a town or county way passable throughout a particular thirty-year period constitutes prima facie evidence of discontinuance by abandonment, it simultaneously declared the forum and procedure by which any dispute as to the status of such a way could be finally resolved. The statutory framework in which section 3028 is set indicates that the legislature intended the action for a

declaratory judgment to be the exclusive method for determining finally any dispute as to whether a town or county way has been discontinued by abandonment.

Section 3028 was enacted in 1976 as part of a new chapter 304 of title 23 providing for the laying out and discontinuance of public ways within municipalities, and a principal thrust of the new chapter was to shift most of the governmental responsibility for those functions from the county commissioners to the municipalities. P.L.1975, ch. 711. As part of the same enactment, 23 M.R.S.A. § 2051 was amended to eliminate the county commissioners' former jurisdiction over laying out and discontinuing county ways except in unorganized areas of their counties (*id.*, § 1), and a new provision, 23 M.R.S.A. § 3026, gave the municipalities the power to discontinue "town ways" newly defined to include "county ways not discontinued or abandoned before the effective date" of the new act. This legislative arrangement is antithetical to submitting to the county commissioners the issue of section 3028 abandonment: the county commissioners were taken out of involvement with discontinuance of ways within a municipality, and it would have been anomalous for the same enactment to assign to county commissioners jurisdiction to determine abandonment of such ways.[4] The legislature may well have believed also that the fact-finding processes of the Superior Court in a declaratory judgment action would be superior to those of the county commissioners on the factually difficult issue of abandonment under the new statute.

The consequences of the exclusivity of the section 3028 procedure are clear: Since the Kennebec County Commissioners had no jurisdiction to determine finally whether the Arnold Road had been abandoned, the res judicata effect of the commissioners' orders of August 2 could not extend to the town's complaint for a declaratory judgment brought under section 3028. In short,

---

4. By section 3028, a way abandoned under that section is expressly relegated to the same status as a way discontinued under section 3026, except for a minor exception relating to the manner of retaining a recreational easement. Under section 3026 the municipalities have jurisdiction to discontinue town and county ways.

the August 2 orders did not bar the town's declaratory judgment action in Superior Court, from which the town now appeals.

However, the Superior Court justice dismissed the town's declaratory judgment action on another ground, holding that under 1 M.R.S.A. § 302, section 3028 of title 23 had no effect on the petitions of the landowners to the county commissioners for repair of Arnold Road, those petitions having been filed before the effective date of section 3028. We disagree.

Section 302 of title 1 of the Maine Revised Statutes provides, in pertinent part,

". . . Actions and proceedings pending at the time of the passage or repeal of an Act or ordinance are not affected thereby. For the purposes of this section, a proceeding shall include but not be limited to petitions or applications for licenses or permits required by law at the time of their filing."

The appellees filed their road-repair petitions with the Kennebec County commissioners on or about May 18, 1976, and July 19, 1976. Section 3028 of title 23, creating a rebuttable presumption of abandonment of a town or county way upon certain factual conditions, became effective on July 29, 1976. Thus, the petitions were pending before the county commissioners at the time section 3028 became effective.

In dismissing the town's motion for declaratory judgment, the Superior Court cited *Cardinali v. Planning Board of Lebanon*, Me., 373 A.2d 251 (1977). In *Cardinali*, a landowner petitioned a town planning board for permission to subdivide a particular parcel of land. After the petition was filed and while it was still pending, the town passed a local ordinance imposing a moratorium on subdivisions. We held that the petition before the town planning board constituted a "proceeding" within section 302 and that the section barred the application of the moratorium to the landowner's application.

*Cardinali* states the proper interpretation of section 302 but differs from the instant case in one critical respect. In *Cardinali*, the town planning board sought to apply the subsequently enacted moratorium in a proceeding initiated before the effective date of the ordinance. In the instant case, although section 3028 became effective after the appellees began a proceeding before the county commissioners to enforce the town's obligation to repair the road, section 3028 did not *apply* to that proceeding. As the text of the statute reveals, section 3028 contemplates a wholly separate proceeding for a declaratory judgment to determine the issue of abandonment before the Superior Court. The county commissioners had no jurisdiction to determine finally any issue of abandonment of Arnold Road through nonuse of public funds and thus could not have applied section 3028 to the proceeding initiated before the effective date of the statute. In short, while section 3028 as a practical matter may affect whether the Town of China ultimately must repair the Arnold Road—the question involved in the proceeding before the county commissioners pending on the effective date of the statute—section 3028 did not apply to the county commissioners' proceeding. Here, section 3028 could not have been applied in the county commissioners' proceedings in the way that the subdivision moratorium was applied to bar prosecution of Cardinali's subdivision application. Section 3028 could not be raised as a defense or other bar of the county commissioners' proceeding, whether or not pending at the effective date of section 3028. The general savings clause, 1 M.R.S.A. § 302, simply does not come into play.

Accordingly, we reverse the Superior Court's dismissal of the town's action for declaratory judgment and remand to the Superior Court for determination of the issue raised by the complaint, namely, whether Arnold Road has been abandoned by operation of section 3028. Further, we continue the stay of the county commissioners' orders for a period of thirty days, within which the Superior Court, if the town so moves, should enter its own preliminary injunction pending the outcome of the litigation. Although the issuance of an injunctive order by the Law Court is rare, it

clearly has authority, under Rule 62(g), M.R.Civ.P., to "make any order appropriate to preserve the status quo or the effectiveness of the judgment subsequently to be entered." The power of an appellate court to issue a stay pending the final disposition of the case on remand is well recognized. *See United States v. Lynd*, 321 F.2d 26, 28 (5th Cir. 1963), where the appellate court under Rule 62(g) F.R.C.P., enjoined alleged violations of voting rights pending completion of a trial on the merits in federal district court.

The special circumstances of the instant case clearly warrant the issuance of a preliminary injunction pending the final decision of the section 3028 question. Standing alone, the order of the county commissioners requiring the town to repair the road is final and enforcible. We have determined that the town has the right to a hearing before the Superior Court on the issue of section 3028 abandonment—a right which the town could not effectively assert before the county commissioners. Such a hearing might result in a determination that the way is abandoned and thus that the town is not obliged to repair it. It is obviously wasteful to require the town to undertake the construction of over a mile of road prior to the Superior Court's ruling. The balance of equities is that which typically justifies injunctions *pendente lite*. The continued stay merely maintains the status quo in order to permit the parties to litigate what, to judge from anything that appears in the record, is a substantial issue of fact. On remand, the Town of China must prosecute its declaratory judgment action with diligence, and the preliminary injunction issued by the Superior Court may be lifted by that court if the town does not exercise such diligence.

The entry is:

Appeal sustained.

Remanded to the Superior Court for further proceedings not inconsistent with this opinion.

This Court's stay of the August 2, 1977, orders of the Kennebec County Commissioners extended to December 7, 1978.

DELAHANTY, J., did not sit.