LEWISTON URBAN RENEWAL AUTHORITY

v.

CITY OF LEWISTON et al.

Supreme Judicial Court of Maine.

Jan. 9, 1976.

---

Clifford & Clifford by Jere R. Clifford, Lewiston, for plaintiff.

Kenneth C. Young, Jr., Lewiston, for defendants.

Before WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

POMEROY, Justice.

A decision of the cause now before us requires a brief analysis of 23 M.R.S.A. 3004 [1] and the effect, if any, of 30 M.R.S.A. 4815(3) [2] and 30 M.R.S.A. 4815(9) [3] on

---

1. "A town, at a meeting called by warrant containing an article for the purpose, may discontinue a town or private way. The discontinuance of a town way shall be presumed to relegate the town way to the status of a private way unless the town meeting article shall specifically state otherwise. The municipal officers shall estimate the damages suffered by any person thereby."

2. "For the purpose of aiding and cooperating in the planning, undertaking or carrying out of an urban renewal project, the municipality or any other public body, upon such terms as it may determine, with or without consideration, may:

   \*    \*    \*    \*    \*

   . . . [f]urnish, dedicate, close, vacate, pave, install, grade, regrade, plan or replan streets, roads, sidewalks, ways or other places which it is otherwise empowered to undertake ;"

3. "9. Agreements. Enter into agreements, which may extend over any period, with the authority respecting action to be taken by the

the process for vacation and discontinuance of public ways.

The question to be answered may be described as follows: May the City of Lewiston, by contract with the Urban Renewal Authority, legally bind itself to the discontinuance of a town way in the future?

We face this question because the City of Lewiston has appealed from the granting of a motion for summary judgment and mandatory injunction entered against it in favor of the Urban Renewal Authority. The presiding Justice before whom the motion for summary judgment was brought declared that the municipal officers could so bind themselves and had done so.

We agree.

Accordingly, we deny this appeal in part and sustain it in part.

The facts of this case are not in dispute. In June 1972 the City and the Authority entered into a contract for the sale of land. A part of the land included a section of Park Street. Park Street at the time was a town way within the meaning of 23 M. R.S.A. 3004. The contract was part of a renewal plan which the parties had earlier agreed upon and which the City had approved following public hearings held in accordance with 30 M.R.S.A. 4806(6). The plan called for the City to discontinue and vacate a segment of Park Street and to convert that segment into a *"surface parking area with adjacent sidewalks, landscaping and lights."*

In June 1974 the Authority petitioned the municipal officers of the City to discontinue that portion of Park Street included in the plan. After public hearing the Authority's petition was denied.

This action followed.

We commence our analysis by recognizing:

(1) That as a general rule a municipal corporation may not enter into a contract which binds its officers in advance as to future discretionary decisions. *Pippenger v. City of Mishawaka*, 119 Ind.App. 397, 88 N.E.2d 168 (1949).

(2) It cannot be doubted that the discontinuance of a town way for which provision is made in 23 M.R.S.A. 3004 contemplates the exercise of discretion by the municipal officers.

It does not follow, however, as the Appellants contend, that these two premises compel the ultimate conclusion that the municipal officers of the City of Lewiston were without power to agree to vacate and discontinue Park Street and thus the part of the contract which purportedly binds them to do so is void.

This argument overlooks the powers granted municipalities by the express terms of the Urban Renewal statute (30 M.R.S.A. 4801 et seq.)

30 M.R.S.A. 4815(3) and 4815(9) by their very terms authorize municipalities to enter into agreements with the renewal authority to vacate streets. The Justice below interpreted this statutory language as indicative of the Legislature's intention to carve out an exception from the provisions of 23 M.R.S.A. 3004 whenever the discontinuance of a town way is part of an urban renewal plan agreement.

We agree with that interpretation.

municipality or any such public body, pursuant to any of the powers granted by this subchapter. If at any time title to, or possession of, any renewal project is held by any public body or governmental agency, other than the authority authorized by law to engage in the undertaking, carrying out administration of urban renewal projects, including any agency or instrumentality of the

United States of America, such agreements shall inure to the benefit of and may be enforced by such public body or governmental agency.

"Any sale, conveyance, lease or agreement provided for in this section may be made by the municipality or other public body without appraisal, public notice, advertisement or public bidding."

As we said in *Central Maine Power Company v. Waterville Urban Renewal Authority,* Me., 281 A.2d 233 (1971):

"It is within the exclusive jurisdiction of the Legislature to lodge control of the roads of the State in the municipalities and to prescribe rules as to the exercise of such control. *Larson v. New England Telephone & Telegraph Co.,* 1945, 141 Me. 326, at page 331, 44 A.2d 1, at page 4. It is equally within the exclusive power of the Legislature to modify such municipal control to the extent of empowering urban renewal authorities and municipal officers, in carrying out their governmental function of municipal rehabilitation, conservation and redevelopment, to propose, approve and adopt urban renewal plans calling, amongst other things, for changes in the layout of streets in the renewal area." 281 A.2d at 239–240.

■ We consider 30 M.R.S.A. 4801, et seq., to be an exercise of the legislative power to modify 23 M.R.S.A. 3004 by excepting from its provisions the discontinuance of town ways as part of an approved urban renewal plan.

Appellants argue that to interpret the statutory scheme in this manner is to deny the public an opportunity to be heard on the issue of the convenience and necessity of the way before it is vacated.

Certainly, the public has a right to be heard on the *"necessity"* issue.

We are mindful, however, of the fact that a hearing, with an opportunity for the public to express its view on the necessity issue, was held when the renewal plan was submitted to the City.

■ At that time it was made clear that the proposed plan which was thereafter accepted required a portion of Park Street to be closed. We conclude the hearing held at that time and the subsequent approval of the plan was an adequate substitute for the procedures required by 23 M.R.S.A. 3004.

■ We conclude Park Street was effectively terminated as a town way when, after hearing, the renewal plan was accepted. With full sanction of the applicable statute, the City entered into an agreement to vacate and discontinue Park Street. The City cannot now deny the validity of its agreement.

The City also argues that the issuance of the mandatory injunction was the equivalent of issuing a Mandamus to compel, by legal process, the doing of an act which by statute is committed to the municipal officers' discretion.

As we indicated earlier in this opinion, the municipal officers exercised their discretion when they entered into the contract with the Authority since they had statutory authority to do so.

After the agreement was signed, there remained no discretionary authority left to them.

Additionally, we conclude the issuance of the mandatory injunction was unnecessary to accomplish the desired result.

■ We consider that done which ought to have been done. Park Street has been effectively discontinued. It would be but idle ceremony to require the municipal officers at this time to go through the procedural steps dictated by 23 M.R.S.A. 3004. This is so because our decision in this case preordains the result which would have to be reached by the municipal officers if such procedural steps were taken.

The entry must be:

It is adjudicated that the City of Lewiston caused that portion of Park Street, Lewiston, described in the urban renewal plan, to be vacated and discontinued as a town way by entering, after public hearing, into the contract with the Lewiston Urban Renewal Authority to vacate and discontinue that portion of said street.

The appeal is sustained insofar as it relates to the issuance of a mandatory injunction.

The case is remanded to the Superior Court with instructions to modify its judgment in accordance with this opinion.

All Justices concurring.

DUFRESNE, C. J., and DELAHANTY, J. did not sit.