John M. HARRINGTON et al.

v.

**TOWN OF KENNEBUNK, et al.**

Supreme Judicial Court of Maine.

Argued May 2, 1985.

Decided Aug. 1, 1985.

Reagan and Adams, P.A., Jacob Apuzzo (orally), Thomas J. Reagan, Wayne T. Adams, David P. Cullenberg, Kennebunk, for plaintiffs.

Ayer, Hodsdon & Austin, Gordon C. Ayer (orally), Kennebunk, Smith & Elliott, Roger S. Elliott, Robert H. Furbish, Saco, for defendants.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, GLASSMAN and SCOLNIK, JJ.

PER CURIAM.

The Plaintiffs, John M. Harrington and Martha Harrington, abutting landowners of Defendant Virginia E. Dionne, appeal from the denial by the Superior Court (York County) of their Rule 80B appeal from the local Kennebunk Zoning Board of Appeals' decision granting this Defendant a permit to rebuild, relocate, and enlarge a structure destroyed by fire in November 1978. The Superior Court determined that both under the theory of obstruction of view and under the theory of degradation of property value the Plaintiffs lacked standing to challenge the Board of Appeals' action.

The facts surrounding this controversy are fully set forth in our opinion on the Plaintiffs' first appeal of this case, *Harrington v. Inhabitants of Town of Kennebunk*, 459 A.2d 557 (Me.1983). There we declared that the potential for obstruction of view is not a proper subject of judicial notice; rather, it is a matter to be proved. Furthermore, we declared that the Superior Court was in error when it found the evidence as to obstruction of view sufficient to accord the plaintiffs standing to pursue Rule 80B proceedings. Notwithstanding these clear statements, no new evidence on this issue was offered on remand. Thus on this second appeal the Plaintiffs are in exactly the same position as they were on their first appeal.

"Standing of a party to maintain a legal action is a 'threshold issue' and our courts are only open to those who meet this basic requirement." *Ricci v. Superintendent, Bureau of Banking*, 485 A.2d 645, 647 (Me.1984). We agree with the Superior Court that these Plaintiffs failed to present any evidence of particularized injury that would give them standing to pursue a Rule 80B review.

Accordingly, we conclude that this appeal was frivolous.

The entry is:

Judgment affirmed.

It is ordered that the Plaintiffs pay to the Defendants treble costs plus $150 toward the Defendants' attorney's fees.

All concurring.