STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket Nos.    AP-00-046
TEH-CUM-   AP-00-106
4/1/2002

JOSEPH FRUSTACI,

      Plaintiff

v.

DECISION AND ORDER

CITY OF SOUTH PORTLAND, ET ALS,

      Defendants

This matter is before the court on the consolidated Rule 80B appeals of the plaintiff Joseph Frustaci from (1) Discontinuance Order # 127-99/00 issued by the defendant City of South Portland ("City") on April 14, 2000 discontinuing a portion of Charlotte Street (Docket No. AP-00-46), and (2) Discontinuance Orders # 85-00/01 and # 89-99/01 issued by the City on December 18, 2000 discontinuing a portion of Edgewood Road and acquiring the fee interest in the discontinued portions of both roads (Docket No. AP-00-46).[1] In substance, the plaintiff asserts that the City's actions violated the Maine constitution by abridging his rights of substantive due process and equal protection,[2] as well as his rights under the takings and public purpose clauses,[3] and that the discontinuances were fatally defective

---

[1] In the Charlotte Street action (AP-00-046), only Counts I, II, IV and V of the complaint are the subject of this Rule 80B appeal. The parties agree that, if the defendants prevail on Counts I and II, then they will thereby prevail on Count III (State Civil Rights Claim), as well.

    Similarly, In the Edgewood Road action (AP-00-106), only Counts I, II, III, and IV of the complaint are the subject of this Rule 80B appeal. The parties also agree that, if the defendants prevail on Counts I, II and III, then they will thereby prevail on Count VII (State Civil Rights Claim), as well.

[2] Me. Const. art. I § 6-A.

[3] Me. Const. art. I § 21.

under 23 M.R.S.A. §§ 3206 & 3029.

Also pending is the plaintiff's motion to exclude the documents in the City's Supplemental Appendix from the record on this appeal.

## I. BACKGROUND

The plaintiff owns a parcel of land in the Town of Cape Elizabeth ("Cape Elizabeth"). The northeast boundary of his land abuts the City of South Portland. The plaintiff has plans to develop the parcel into a residential subdivision to be called Rosewood II. However, he has not yet presented a subdivision application to Cape Elizabeth.

Charlotte Street and Edgewood Road in South Portland run parallel to one another in an established residential development known as Dana Park Subdivision. Prior to the City's discontinuance action that is the subject of this appeal, both roads ran to and terminated at the northeast boundary of the plaintiff's property. The plaintiff's plan for Rosewood II included accessing the development by extending both roads onto his property, and joining them via a U-shaped connector.

At present, a private way extends from Edgewood Road a short way into Cape Elizabeth to serve two existing residences there known as Nos. 59 and 60 Edgewood Road.

In January 2000, the City received a request from Charlotte Street residents to discontinue the last 25 feet of that street as it approaches and terminates at the plaintiff's property. The stated purpose of the request was to give the City and its citizens "a meaningful opportunity to address and influence the imminent development of" Rosewood II by the plaintiff.

2

Appendix to Plaintiff's Brief, Vol. I, Tab 3. In May 2000, citing identical reasons, Edgewood Road residents submitted a request to the City to discontinue the last 25 feet of that road.

Following a public hearing on April 19, 2000, the City discontinued the last 25 feet of Charlotte Street, but retained an easement to repair and maintain existing public utility lines. At the hearing, the plaintiff submitted a letter from a real estate broker opining that the discontinuance would decrease the value of the plaintiff's property. The City determined that no damages should be paid to abutters, including the plaintiff.

At another public hearing on December 18, 2000, the City discontinued the last 25 feet of Edgewood Road, but retained an easement for public utilities and private access easements to benefit the Cape Elizabeth residences at Nos. 59 and 60 Edgewood Road. The City Council also authorized its Manager to accept quit claim deeds from the defendants Yolande D. Fogg, David G. and D. Elizabeth Sawyer, Edward J. and Pauline V. Kane, and Leslie O. Andrews, who were Charlotte Street and Edgewood Road abutters, conveying their respective interests in the discontinued 25-foot portions of Charlotte and Edgewood Streets. The Edgewood Road discontinuance order also provided that no damages should be paid to abutters, including the plaintiff.

## II. DISCUSSION

I.    Plaintiff's Motion to Exclude City's Supplemental Appendix

The plaintiff argues that the court is limited to the parties' agreed-upon factual record because neither party requested a trial of the facts. M.R.

3

Civ. P. 80B(d). The City counters that the court can take judicial notice of the additional evidence in its Supplemental Appendix, which includes (1) a declaration of restrictions affecting an existing subdivision in Cape Elizabeth known as Rosewood[4] that is recorded in the Cumberland County Registry of Deeds; (2) a letter from real estate appraiser Daniel Anderson to the plaintiff; (3) a letter from Daniel Anderson to the State of Maine Department of Professional & Financial Regulation Complaints and Investigation Division; (4) a federal Magistrate Judge's Recommended Decision on [the City's] Motion To Dismiss the plaintiff's federal action against the City and the defendants Sawyer and Fogg; (5) the Order and Judgment of the United States District Court affirming the Recommended Decision of the Magistrate Judge; and (6) a Consent Agreement submitted to the State of Maine Board of Real Estate Appraisers in a disciplinary action against Daniel Anderson.

When a party fails to request a trial of the facts, it is limited to the record designated pursuant to M.R. Civ. P 80B(e). *Harrington v. Town of Kennebunk*, 459 A.2d 557 (Me. 1983). However, the Law Court has not specifically excluded the possibility that a court may take judicial notice of certain evidence to augment the 80B record. *See Harrington*, 459 A.2d at 560; *Harrington v. Town of Kennebunk*, 496 A.2d 309 (Me. 1985). In fact, taking judicial notice is mandatory where a party requests it and supplies the court with the necessary information. M.R. Evid. 201(d).

The court concludes that it need not take judicial notice of Item # 2 of the Supplemental Appendix since it is already part of the record. *See*

---

[4]This is a different subdivision than Rosewood II.

Appendix to Plaintiff's Brief, Vol. I, Tab 25. Based upon the criteria set forth in Rule 201(b), the court takes judicial notice of the remaining items of the Supplemental Appendix.[5]

II.    Substantive Due Process

A    Res Judicata and Collateral Estoppel

The plaintiff is barred by res judicata from asserting his substantive due process claim with respect to the discontinuance of Charlotte Street because the United States District Court has already ruled on that claim under the federal constitution, and the standards are the same under the Maine constitution. *Frustaci v. City of South Portland*, 2000 WL 1310671, at *5 (D.Me.); *see Draus v. Town of Houlton*, 1999 ME 51, ¶¶ 6-8, 721 A.2d 1257, 1259-60; *Fichter v. Board of Envtl. Prot.*, 604 A.2d 433, 436 (Me. 1992) (the state and federal constitutional due process requirements are identical). Since the substantive due process claim, and its underlying issues, are identically and equally applicable to Edgewood Road and Charlotte Street, the plaintiff is also collaterally estopped from asserting that claim as to Edgewood Road. *Cline v. Maine Coast Nordic*, 1999 ME 72, ¶ 9, 728 A.2d 686, 688 (Collateral estoppel, or issue preclusion, prevents relitigation of identical issues already determined by prior final judgment, if party estopped had fair opportunity and incentive to litigate issues in prior

---

[5]Under M.R. Evid. 201(b),

[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

proceeding).

Even if the plaintiff is not collaterally estopped or barred by res judicata, he cannot prevail on his substantive due process claim in this state action.

B.    Substantive Due Process

A substantive due process claim is generally grounded in the deprivation of an identified and constitutionally protected liberty or property interest as a result of arbitrary and capricious state conduct that "shocks the conscience." *Cruz-Erazo v. Rivera-Montanez*, 212 F.3d 617, 622 (1st Cir. 2000); *Licari v Ferruzzi*, 22 F.3d 344, 347 (1st Cir. 1994) (substantive due process claim requires proof that state action was "*in and of itself* . . . egregiously unacceptable, outrageous, or conscience-shocking") (citations omitted); *Amsden v. Moran*, 904 F.2d 748, 753-54 (1st Cir. 1990) (substantive due process ensures that state action is not arbitrary and capricious); *Fichter*, 604 A.2d at 436 (state and federal due process requirements are identical).

The plaintiff claims that the City abused its power because its road discontinuance actions were merely a subterfuge for the unlawful exercise of land use control authority over his Rosewood II development plans. He asserts that this illegal *animus* was at the heart of the citizens' requests to discontinue Charlotte Street and Edgewood Road, and was not disavowed by the City in its discontinuance orders. However, the property rights of which the plaintiff claims to have been deprived -- easement and access rights with respect to the discontinued roads and the utilities that attend them -- do

6

not implicate substantive due process. *Licari*, 22 F.3d at 349-50. Although the plaintiff asserts that the City was motivated by an outrageous goal of trying to impose inter-municipal control over the development of his property, he "has neither argued, nor offered evidence that [the City's] 'hostility and *animus*' was aimed at any political affiliation, belief, stance, or immutable characteristic of" the plaintiff. *Id.* at 349.

In order to be arbitrary and capricious, governmental action must be unreasonable, have no rational factual basis, or lack substantial support in the evidence. *Central Maine Power Co. v. Waterville Urban Renewal Authority*, 281 A.2d 233, 242 (Me. 1971). The plaintiff has not established that the discontinuance decisions meet this standard. Although the City did not expressly disavow the reasons espoused by the citizens who sought the discontinuances, it did offer reasons that are legitimate municipal concerns having a rational factual basis -- possible declines in public safety from traffic increase, and possible increases in demand on city services.

III.   Equal Protection

The plaintiff asserts that his circumstances are materially similar to those of the owners of 59 and 60 Edgewood Road and that the City's decision to terminate his access rights to the road, while granting a private easement benefitting 59 and 60 Edgewood Road, constitutes disparate treatment that is not rationally related to any legitimate governmental objective and is a violation of his equal protection rights. However, this court does not agree. The homes at 59 and 60 Edgewood Road and the use of that road by their owners preexisted the City's discontinuance action, and

they have no means of access and egress to their property other than by Edgewood Road. Conversely, the plaintiff's development does not exist in any formal sense, and he has alternate access routes to his property, including Rosewood Drive, and has not yet relied on Edgewood Road.

The plaintiff's equal protection claim cannot survive because he is not similarly situated to the owners of 59 and 60 Edgewood Road and because there is a rational basis for the City's action. *Village of Willowbrook v. Olech*, 528 U.S 562, 564 (2000); *Barrington Cove, L.P. v. Rhode Island Hous. and Mortgage Fin. Corp.*, 246 F.3d 1, 8 (1st Cir. 2001) ("the formula for determining whether individuals or entities are 'similarly situated' for equal protection purposes is not always susceptible to precise demarcation").

IV. Takings

The plaintiff appears to argue that two separate property rights have been taken as a result of the City's actions -- easement and access rights over the discontinued roads, and property rights in his own land.

A. Statutory Taking - Easement and Access Rights

The petitioner asserts that he has sustained an uncompensated deprivation of his easement and access rights over Charlotte Street and Edgewood Road by virtue of the City's exercise of its statutory authority under 23 M.R.S.A. § 3026. The legislature has acknowledged that the discontinuation of a road is a taking of sorts, and may result in a diminution in the value of property which should be compensated. 23 M.R.S.A. §§ 3023, 3026. Authority for such "takings" has been delegated to municipalities and any analysis of the exercise of that power must be

8

conducted under the statutory framework, which requires a determination of damages to abutters. *Id.*; 23 M.R.S.A. ¶ 3029; 23 M.R.S.A. §§ 154-154E; *see also August Realty v. Inhabitants of Town of York*, 431 A.2d 1289, 1290 (Me. 1981). The City made such a determination and concluded that damages were not warranted.

### B.    Public Exigency

He also argues that there is no "public exigency" for the "takings". Under the Maine Constitution, "[p]rivate property shall not be taken for public uses without just compensation; nor unless the public exigencies require it." Me. Const. art. I, § 21. Under 23 M.R.S.A. § 3023, the legislature has delegated to municipalities the power to "take property or interests therein for highway purposes if the municipal officers determine that public exigency requires the immediate taking of such property interests."

Judicial review of a determination of public exigency is limited to whether the authority was exercised in bad faith or as an abuse of power, unless the legislature "place[s] limits upon the discretion it gives its agencies and . . . make[s] their determinations subject to a more extensive review." *In re Bangor Hydro-Electric Company*, 314 A.2d 800, 804 (Me. 1974). Here, the City offers reasons for the discontinuances, including a concern that extending the roads onto the plaintiff's proposed subdivision in an adjacent town would lead to possible declines in public safety from increased traffic, and possible increases in demand on city services. The discontinuances address these concerns and constitute a public exigency.

9

## C.  Regulatory Taking - Diminution in Value of Land

The court is not persuaded by the petitioner's claim that the loss of his easement and access rights is analogous to a "physical invasion" of his land rights and constitutes a *per se* taking because, according to him, he is the target of the action and the only person affected by it.  There has been no "physical invasion", and the petitioner has not established that he alone is bearing a burden more rightfully borne by the public as a whole.  In fact, he has not established that he is bearing a burden at all, except for the frustration of his, as of yet, uncommitted plans of development.  There is no sustainable reason to believe that his plans of development will be thwarted by the discontinuances.  Rather, he will merely have to develop the land in a way he did not contemplate before the roads were discontinued.

His accusations of "arbitrary" and "improper" actions by the City, and the claimed resulting diminution of his property value, arguably raise the issue of whether the City's action has deprived him of property rights in his undeveloped parcel.  Since there has been no actual invasion of his land, these accusations at best may present a claim of a "regulatory" taking.  When property has not been physically wrested from the owner's possession, the court must conduct a factual inquiry centered predominantly on the "relative importance of the private and public interests at stake." *MC Associates v. Inhabitants, Town of Cape Elizabeth,* 2001 ME 89, ¶ 6, 773 A.2d 439, 442.  The court finds that there has not been a regulatory taking.

"[W]hile property may be regulated to a certain extent, if regulation goes too far it will be recognized as a taking." *Seven Islands Land Company*

10

*v. Maine Land Use Regulation Commission*, 450 A.2d 475, 482 (Me. 1982). Whether a regulation has gone too far is a primarily factual inquiry "into the substantiality of the diminution in value of the property involved." *Id.* The diminution in value must be "very substantial" before a taking will be found. *Seven Islands*, 450 A.2d at 482. Because ownership of property consists of a bundle of rights, the "question is whether the right [that has been extinguished] constitutes a fundamental attribute of ownership such that its extinguishment would render the property substantially useless." *Id.* (citation and internal quotation omitted). Here, the only evidence of diminution in value is the written personal opinion of an individual who happened to be a real estate broker.

V.    Public Purposes Clause

The plaintiff also argues that the City violated the public purposes clause of Maine's constitution because it took his property for non-public purposes -- that is, to control the development of his land and to benefit the owners of 59 and 60 Edgewood Road. Me. Const. art. I, § 21. The court disagrees with this argument and, instead, agrees with the analysis of the United States District Court in the plaintiff's related federal action that the discontinuances by the City are rationally related to a conceivable public purpose and, therefore, the taking is not proscribed by the public purposes clause of Maine's constitution. *Frustaci*, 2000 WL 1310671, at *5 (D.Me.) (concluding that the reasons offered by the City -- possible declines in public safety and increases in demand on city services -- were sufficient to constitute a public use). Accordingly, the City's determination of a public

11

use is not palpably without a reasonable public purpose foundation. *Id.*

## VI.   Statutory Claim

### A.   Over-reaching

The plaintiff argues that the discontinuances were beyond the City's statutory mandate because it was motivated by an improper purpose to gain control over the development process in a neighboring municipality and was not done for the benefit of the public. To this end, the plaintiff urges the court to read the "common convenience and necessity" standard into the City's discontinuation authority. *See Lewiston Urban Renewal Authority v. City of Lewiston,* 349 A.2d 763 (Me. 1976).[6]

The Law Court, in *Lewiston Urban Renewal,* discussed a municipality's decision to execute a contract in which it agreed to the discontinuance of a road. Faced with the argument that the municipality improperly contracted away its discretion, the court concluded that while the citizens "[c]ertainly . . . ha[ve] a right to be heard on the 'necessity' issue," their opportunity to express opinions on that topic was available at the meeting held to review the urban renewal plan. *Lewiston Urban Renewal,* 349 A.2d at 766. Therefore, the only part of the standard the Law Court conceded is applicable to discontinuances is the "necessity" requirement. In this case,

---

[6]The "common convenience and necessity" standard is derived from the analysis associated with reviewing a municipality's decision to either lay out a private way or to refrain from doing so. *Brown v. Warchalowski,* 471 A.2d 1026, 1033 (Me. 1984) (concluding that because the location of a private way over Brown's land was not required by common convenience and necessity, the "taking" of Brown's land was not a "taking of private property for a public use under circumstances of public exigencies"). "Whether the use for which a taking is authorized is a public or private use is in the end a judicial question for the determination of the Court." *Brown,* 471 A.2d at 1033.

12

there has been no showing that the discontinued portions of the roads are a common necessity.

The plaintiff's "common conveniences and necessities" argument seems to be an attempt to repackage an argument that failed in the United States District Court -- specifically, that the discontinuation of the road was not for a public purpose, but was for a private one. That claim was rejected by the federal court, and this court agrees with its reasoning. There is a public purpose involved, namely a concern that extending the roads would lead to possible declines in public safety and increases in demand on city services.

B.     Failure to Determine Damages

Maine law allows municipalities to discontinue a town way and determine the damages, if any, to be paid to each abutter. 23 M.R.S.A. § 3026. The plaintiff asserts that the City failed to follow the correct procedures for determining damages because it did not hire an appraiser (as recommended in the Maine Municipal Association Manual), and failed to make findings of fact regarding the issue of diminution in value, if any, of the plaintiff's property. However, the law does not require an appraisal and does not mandate an award of damages. It only requires a municipality to determine damages. *Id.* The City did so and determined that there was reason to find that damages were not warranted.

Those who are "aggrieved" by that determination may appeal to this court. 23 M.R.S.A. § 3029. The plaintiff claims to be aggrieved and has appropriately appealed the damages issue to this court. *See* Complaint

13

Count VI in AP-00-046 and Complaint Count VI in AP-00-106. That matter is not part of this Rule 80B action and remains pending.

### III. DECISION

Based upon the foregoing and pursuant to M.R. Civ. P. 79(a), the Clerk is directed to enter this Decision and Order on the Civil Docket by a notation incorporating it by reference and the entry shall be:

Defendant City of South Portland's Discontinuance Orders # 127-99/00, # 85-00/01 and # 89-99/01 regarding Charlotte Street and Edgewood Road are AFFIRMED, except as to the determination of damages which remains pending in this action; and

Judgment is entered in favor of the Defendants on Counts I, II, III, IV and V of the Complaint in Docket No. AP-00-046; and

Judgment is entered in favor of the Defendants on Counts I, II, III, IV and VII of the Complaint in Docket No. AP-00-106.

Dated:   April 1, 2002

_____
Justice, Superior Court

14

Date Filed \_\_\_\_05-19-00\_\_\_\_ CUMBERLAND \_\_\_\_\_ Docket No. \_AP 00-046\_\_\_\_\_
County

Action \_\_\_\_APPEAL 80(B)\_\_\_\_\_

JOSEPH FRUSTACI

CITY OF SOUTH PORTLAND
DAVID AND ELIZABETH SAWYER
YOLANDE FOGG

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| JAMES B. HADDOW ESQ  775-0200 | MICHAEL SAUCIER ESQ 774-2500  (SO. PORTLAND |
| BRUCE A. MCGLAUFLIN, ESQ | PO BOX 4600 |
| PO BOX 9733, PORTLAND ME 04104 | PORTLAND ME 04112 |
| | ROBERT CRAWFORD ESQ. (SAWYERS & FOGG) |
| | PO BOX 9729, PORTLAND 04104   774-1200 |

| Date of Entry | |
|---|---|
| 2000 May 22 | Received 05-19-00: Complaint Summary Sheet filed. |
| "    " | Complaint; Title to Real Estate Involved with Exhibits A,B,C,D,E, and F filed. |
| May 23 | On 5-23-00. Briefing schedule mailed.  Plaintiff's brief due 6-28-00. |
| May 31 | Receivied 05/31/00: Plaintiff's Motion to Determine Future Cours of Proceedings filed. |
| ""    "" | Request for a Hearing on Motion to Determine Future Course of Proceedings filed. |
| June 5 | Received 06-05-00: Letter from Bruce A. McGlauflin with exhibit F stating two pages were inadvertently omitted from Exhibit F of the Complaint in this matter filed. |
| June 16 | Received 6-15-00. Copy of Defendants' Petition and Notice of Removal to USDC with attachments filed. Certificate of Service filed. |
| "" | Copy of District Court Docket Sheet filed. |
| Oct. 31 | Received 10-30-00. Certified copy of Order of Dismissal and Remand from USDC filed. All paperwork received from USDC filed. |
| "" | Certified copy of USDC docket entry filed. |
| Nov. 8 | On 11-8-00. Briefing schedule mailed.  Plaintiff's brief due 12-1-00. |

STATE OF MAINE
CUMBERLAND, ss

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2002 SEP 25 A 10: 52

DONALD L. GARBRECHT
LAW LIBRARY

OCT 4 2002

SUPERIOR COURT
CIVIL ACTION
Docket Nos.    AP-00-046
              AP-00-106

JOSEPH FRUSTACI,

Plaintiff

v.                                    ORDER

CITY OF SOUTH PORTLAND, ET ALS,

Defendants

This matter is before the court on the motion of the defendant City of South Portland ("City") to dismiss the remaining counts of the plaintiff's complaints for statutory damages (Counts VI of Docket Nos. AP-00-046 and AP-00-106) and inverse condemnation (Count V of Docket No. AP-00-106).[1]

A.    Damages

The City asserts that the court's Decision and Order, dated April 1, 2002, which concluded that there was neither a physical, nor a regulatory taking, established the law of this case that the plaintiff had no constitutionally cognizable property interest which was lost or for which there is a legal remedy. From that premise, the City argues that damages cannot be allowed and that the remaining counts of the complaints must be dismissed.

---

[1]The defendants David and Elizabeth Sawyer in AP-00-046 have advised the court that they concur with the City in its motion to dismiss. See letter of Robert J. Crawford, Esq., dated July 12, 2002.

However, this court not did rule in its Decision and Order that the plaintiff had no constitutional property rights at issue. Rather, it determined that there had been no physical or regulatory "taking" of constitutional dimensions,[2] but was mindful that the

> discontinuation of a road is a taking of sorts, and may result in a diminution in the value of property which should be compensated. 23 M.R.S.A. §§ 3023, 3026. Authority for such 'takings' has been delegated to municipalities and any analysis of the exercise of that power must be conducted under the statutory framework, <u>which requires a determination of damages to abutters</u>.

*See* Decision and Order at 8-9 (emphasis added).[3] Unlike a physical or regulatory "taking", 23 M.R.S.A. § 3026 does not require that a road discontinuation deprive an abutter of all access or all reasonable access to his property. It merely requires that the person be an abutter in order to trigger his entitlement to a determination of damages. The Law Court has recognized that abutters may have compensable rights in the event a public way is discontinued.

---

[2]Regulatory acts that affect private property can be a legitimate exercise of a government's police power, but "if regulation goes too far it will be recognized as a taking" for which there must be just compensation. *MC Associates v. Inhabitants, Town of Cape Elizabeth*, 2001 ME 89, ¶ 4, 773 A.2d 439, 442 (citation omitted). A determination of whether a regulation has gone too far requires an examination of "the particular circumstances [of] the case." *MC Associates*, 2001 ME 89, ¶ 5, 773 A.2d at 442 (citation omitted). However, "there are at least two types of regulatory action, commonly referred to as 'categorical takings,' that require compensation without ... case-specific inquiry: 'regulations that compel the property owner to suffer a physical 'invasion' of his [or her] property' and those which 'den[y] all economically beneficial or productive use of land.'" *MC Associates*, 2001 ME 89, ¶ 6, 773 A.2d at 442 (citation omitted).

[3]The court notes that its reference to 23 M.R.S.A. § 3023 in this quote from the Decision and Order is incorrect. The court intended to refer to section 3029, as well as section 3026.

In the case of a formal discontinuance of a public way, it is unnecessary for the governmental entity to take title to land by eminent domain and it is therefore apparent that the provision for compensation reflected a legislative recognition that abutting owners have other property rights which may be destroyed by discontinuance and for which payments must be made.

*Jordan v. Town of Canton*, 265 A.2d 96, 98 (Me. 1970).

The right of access to a public way is a property right in the nature of an easement. By access is meant not only the right of ingress and egress as between the owner's property and the way but also access to the general road system to which his property is connected by the street or road.

*Id.*

In this case, the municipal officers exercised their statutory power and determined that the plaintiff, as an abutter, did not suffer any damages. The plaintiff is "aggrieved" by that determination. Thus, he is entitled to ask the court or a jury to determine whether he has been damaged and, if so, to "render judgment for just compensation." 23 M.R.S.A. § 3029; *see August Realty v. Inhabitants of Town of York*, 431 A.2d 1291 (Me. 1981).

B. Inverse Condemnation

The court agrees with the defendant that the plaintiff's inverse condemnation claim cannot stand because it rests on a "taking" of property which the court has determined is not present in this case.[4] For that

---

[4]"Inverse condemnation" is "[a] cause of action against a government agency to recover the value of property taken by the agency, though no formal exercise of the power of eminent domain has been completed." *Larrabee v. Town of York*, 2000 ME 15, ¶ 4 n. 3, 744 A.2d 544, 545 (*citing* BLACK'S LAW DICTIONARY 740 (5th ed. 1979)). It is "a shorthand description of the manner in which a landowner recovers just compensation for a taking of his property when condemnation proceedings have not been instituted." *Id.* (citations omitted).

Although the formal discontinuance of a public way does not require the government to take property by eminent domain, *Jordan*, 265 A.2d at 98, there is a statutory mechanism for determining and awarding just compensation where warranted in such cases. 23 M.R.S.A. §§ 3026, 3029.

3

reason, Count V of Docket No. AP-00-106 should be dismissed.

Based upon the foregoing and pursuant to M.R. Civ. P. 79(a), the Clerk is directed to enter this Decision and Order on the Civil Docket by a notation incorporating it by reference and the entry shall be:

Defendant City of South Portland's Motion to Dismiss Count V of Docket No. AP-00-106 is GRANTED; and

Defendant City of South Portland's Motion to Dismiss Counts VI of Docket Nos. AP-00-046 and AP-00-106 is DENIED.

Dated:   September 25, 2002

_____
Justice, Superior Court

4

Date Filed ___05-19-00___ ___CUMBERLAND___ Docket No. _AP 00-046_ _____
County

Action ___APPEAL 80(B)_____

JOSEPH FRUSTACI

CITY OF SOUTH PORTLAND
DAVID AND ELIZABETH SAWYER
YOLANDE FOGG

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| JAMES B. HADDOW ESQ 775-0200<br>BRUCE A. MCGLAUFLIN, ESQ<br>PO BOX 9733, PORTLAND ME 04104 | MICHAEL SAUCIER ESQ 774-2500 (SO. PORTLAND)<br>PO BOX 4600<br>PORTLAND ME 04112<br><br>ROBERT CRAWFORD ESQ. (SAWYERS & FOGG)<br>PO BOX 9729, PORTLAND 04104 774-1200 |

| Date of Entry | |
|---|---|
| **2000**<br>May 22 | Received 05-19-00:<br>Complaint Summary Sheet filed.<br>Complaint; Title to Real Estate Involved with Exhibits A,B,C,D,E, and F filed. |
| " " | |
| May 23 | On 5-23-00.<br>Briefing schedule mailed. Plaintiff's brief due 6-28-00. |
| May 31 | Receivied 05/31/00:<br>Plaintiff's Motion to Determine Future Cours of Proceedings filed.<br>Request for a Hearing on Motion to Determine Future Course of Proceedings filed. |
| "" "" | |
| June 5 | Received 06-05-00:<br>Letter from Bruce A. McGlauflin with exhibit F stating two pages were inadvertently omitted from Exhibit F of the Complaint in this matter filed. |
| June 16 | Received 6-15-00.<br>Copy of Defendants' Petition and Notice of Removal to USDC with attachments filed.<br>Certificate of Service filed.<br>Copy of District Court Docket Sheet filed. |
| Oct. 31 | Received 10-30-00.<br>Certified copy of Order of Dismissal and Remand from USDC filed.<br>All paperwork received from USDC filed.<br>Certified copy of USDC docket entry filed. |
| "" | |
| Nov. 8 | On 11-8-00.<br>Briefing schedule mailed. Plaintiff's brief due 12-1-00. |