State *v.* Inhabitants of Cornville.

STATE *versus* INHABITANTS OF CORNVILLE.

It cannot be said that a road has been "opened" when nothing has been done to a larger portion of it, and the remainder was a road open and used as such before.

Neither is it necessary in order to prevent the discontinuance of a highway by operation of the statute, chap. 25, sec. 42, that it should be in such a state of repair as not to be subject to indictment.

But a highway located, and no work done on a large portion thereof, and put to no use as a way for more than six years after it should have been made passable, cannot be be treated as opened.

This is an indictment charging the respondents with neglecting to keep in repair a certain highway in said town.

REPORTED by MAY, J.

The facts necessary to a full understanding of the case appear in the opinion of the court.

*N. D. Appleton*, Attorney General for the State.

*J. S. Abbott*, counsel for the defendants.

TENNEY, C. J. The highway described in the indictment is about two miles in length. Before its location, about half a mile thereof, near the westerly end, commencing at its junction with another road, had been used as a road. After the location, the sum of twenty-five dollars had been appro-

priated by the town, and expended; and other small sums at other times were laid out by order of the selectmen, all upon the portion last described. The remainder of the highway complained of has never been used or worked upon as a road, and a part of it passes through woods.

The defence is, that this highway has been discontinued by operation of the R. S., chap. 25, sec. 42. And it is not denied, that the statute would have the effect insisted on, were it not for the expenditures made by the town upon the part at the western extremity.

It cannot be said with propriety, that the road has been "opened," as a whole, when nothing at all has been done to that entire portion which constitutes three-fourths of it, and the remainder was a road open and used before, as such.

The case is essentially distinguished from that of Baker v. Runnels, 3 Fairf., 235. A considerable portion of the road referred to therein had been opened and used; and upon the residue the trees were moved, and the road made passable for foot passengers, by the surveyor, to whom it had been assigned; the road was held to have been opened, in this part, by the official acts of the one who cut and removed the trees, in the discharge of his appropriate duty.

To prevent the discontinuance of a highway by operation of the statute invoked in defence, it is not made necessary that it should be put in such repair, as not to be subject to indictment, under R. S., chap. 25, sec. 57. What must be done to constitute an opening of the road within the meaning of the statute, is not precisely defined therein. But a highway located, and a large portion thereof so neglected that no work has been done thereon, and put to no use as a way, for more than six years after it should have been opened and made passable, cannot be treated as "opened," so that the whole can be constructed, by a fine imposed under the statute, upon indictment and conviction.

According to the agreement of the prosecuting officer, and the counsel for the defendants, the indictment is dismissed.