**TOWN OF SOUTH BERWICK**

v.

**Harold WHITE, Jr. et al.**

Supreme Judicial Court of Maine.

April 4, 1980.

Bernstein, Shur, Sawyer & Nelson, Geoffrey H. Hole (orally), F. Paul Frinsko, Portland, Beamis, Davis, Murray & Grossman, Wayne E. Murray, Berwick, for plaintiff.

Roberts, Shirley & Humphrey, Thomas E. Humphrey (orally), Springvale, for Hayward, et al.

Robert W. Ferguson, Springvale, for Maineland, Inc.

Ronald L. Vigue, Berwick, for August Realty.

Smith, Elliott, Wood & Nelson, Roger S. Elliott, Saco, for M. Spang.

J. H. Dineen, Kittery, for Morse & Conley.

Before McKUSICK, C. J., GODFREY, NICHOLS and GLASSMAN, JJ., and DUFRESNE, A. R. J.

**1226**

McKUSICK, Chief Justice.

■ Plaintiff-appellant Town of South Berwick brought suit in the Superior Court (York County) against 39 owners of property abutting a 1.6-mile portion of Belle Marsh Road located in the town, seeking a declaration pursuant to 23 M.R.S.A. § 3028 (Supp.1979)[1] that the road had been "abandoned as a public way." The Town relied upon the rebuttable presumption of abandonment[2] that by section 3028 arises if "a town . . . way established prior to January 1, 1946" was "not kept passable for the use of motor vehicles at the expense of the municipality . . . for a period of 30 or more consecutive years next prior to January 1, 1976." The referee before whom the case was tried (1) construed section 3028 to require, for the rebuttable presumption to arise, that no municipal funds had been expended to keep the road passable *at any time* during the 30-year period from 1946 to 1976, and (2) found as facts that the Town, at various times within that 30-year period, had expended funds for bridge reconstruction, machine scraping, brush cutting, and other repairs on Belle Marsh Road, and that "automobiles were frequently driven over the road by members of the public at all times and seasons whenever such passage was not effectively prevented by snow or mud." Over the Town's objection the Superior Court entered judgment on the referee's report. On appeal to this court, the Town contends the referee's construction of section 3028 was wrong. We deny the Town's appeal.

■ We conclude, as did the referee, that the legislature intended the statutory presumption of abandonment to arise only in those cases where the nonapplication of public funds for the maintenance of the town way was continuous and uninterrupted during the entire period from 1946 to 1976. Such is the plain meaning of the statutory language delineating the factual circumstances under which the rebuttable presumption arises. See n. 1 above. An examination of the legislative debates concerning section 3028 unambiguously confirms the view that the legislature intended the presumption to be unavailable where funds had been expended for maintenance *at any time* during the statutory period. See 1976 Leg.Rec. 627 (remarks of Mr. Henderson), 683 (remarks of Mr. Dam), 789–90 (remarks of Sen. Merrill and Sen. Carbonneau). That interpretation of the statute is fully consistent with the principle that "[a] court . . . [will] not lightly find that the public has abandoned a highway easement." *Smith v. Dickson*, Me., 225 A.2d 631, 635 (1967) (common law abandonment through nonuser).

■ The Town also argues that any public expenditures that did not bring the road up to the "safe and convenient" condition required of the municipality by 23 M.R.S.A. § 3651 (Supp.1979)[3] should not count to prevent the running of the period of pre-

1. 23 M.R.S.A. § 3028 provides:

   **Abandonment of public ways**
   It shall be prima facie evidence that a town or county way established prior to January 1, 1946, and not kept passable for the use of motor vehicles at the expense of the municipality or county for a period of 30 or more consecutive years next prior to January 1, 1976, has been discontinued by abandonment. A presumption of abandonment may be rebutted by evidence that manifests a clear intent by the municipality or county and the public to consider or use the way as if it were a public way. . . .

2. Section 3028 speaks in terms of both "prima facie evidence" (in the first sentence) and a "presumption" (second sentence) of abandonment. M.R.Evid. 301(b) provides:

A statute providing that a fact or group of facts is prima facie evidence of another fact establishes a presumption within the meaning of this rule.

Thus, under either label, once the party asserting abandonment has established the factual prerequisites, M.R.Evid. 301(a) serves to impose on the adverse party "the burden of proving that the nonexistence of the presumed fact [*i. e.*, abandonment] is more probable than its existence."

3. 23 M.R.S.A. § 3651 provides:
   Highways, town ways and streets legally established shall be opened and kept in repair so as to be safe and convenient for travelers with motor vehicles. In default thereof, those liable may be indicted, convicted and a reasonable fine imposed therefor.

sumptive abandonment. Although section 3028 undoubtedly refers to more than *de minimis* "public expense," we emphatically reject the notion that the public could lose its rights to continuation of a public way by a town's defaulting on its obligation to maintain a road to a full "safe and convenient" standard. By its plain terms section 3028 prevents the presumption of abandonment from arising if the town way is kept at public expense at least "passable for the use of motor vehicles," whether or not it also meets the higher test of being "safe and convenient for travelers with motor vehicles." *Cf. State v. Inhabitants of Cornville*, 43 Me. 427 (1857).

■ Section 3028 provides a special, one-time rule creating a rebuttable presumption of abandonment through the nonapplication of public funds on a town way during the 1946–76 period. *See Board of Selectmen, Town of China v. Kennebec County Commissioners*, Me., 393 A.2d 526, 528 (1978) (dealing with procedural questions concerning section 3028). However, the absence of public expenditures in that period is by no means the exclusive method for discontinuing a town way. The legislature has provided in 23 M.R.S.A. § 3026 (Supp.1979) a universally available procedure by which a municipality may voluntarily discontinue a town way after giving appropriate notice and making provision for the payment of damages to abutting owners. Furthermore, the existence of section 3028's special presumption of abandonment does not impair the availability of common law abandonment through public nonuser, although the referee found that the requisite showing had not been made in the instant case. *See Smith v. Dickson, supra.*

■ Finally, contrary to the Town's contention before this court that P.L.1973, ch. 456[4]—which in terms provided yet another method of establishing discontinuance of a town way—is applicable here, that provision, later repealed during the same 1973 legislative session, P.L.1973, ch. 625, § 133-A, never went into effect and so has no bearing on this or any other proceeding. Passed as nonemergency legislation, chapter 456 was deferred in going into effect by the negative provision of the Maine Constitution that "[n]o Act . . . shall take effect until ninety days after the recess of the Legislature passing it." Me.Const., art. IV, pt. 3, § 16 (Supp.1979). Since the constitutional provision suspended the effective date of chapter 456 for 90 full days after the legislature adjourned on July 4, 1973, *Opinion of the Justices*, 116 Me. 557, 587, 103 A. 761, 774 (1917), it could not go into effect until after midnight on the 90th day, October 2, 1973. In other words, chapter 456, if not repealed, would have become effective at the start of the 91st day after adjournment, October 3, 1973. At exactly that same time, however, the repealer of chapter 456 also went into effect, the repealer being affirmatively declared by P.L. 1973, ch. 625, § 133-B, to "become effective 91 days after adjournment of the Legislature,"[5] that is, at the start of October 3, 1973. Thus, chapter 456 never had even an instant of life. The legislature effectively carried out its obvious intent to repeal chapter 456 completely.

The entry will be:

Appeal denied.

Judgment affirmed.

WERNICK and ROBERTS, JJ., did not sit.

4. P.L.1973, ch. 456 provided:

A town way which has not been maintained by the town for a period of 20 years shall thereby be discontinued by operation of law. Such discontinuance by operation of law shall be presumed to relegate the town way to the status of a private way.

5. Since chapter 625 was enacted with an emergency preamble, the special 91-day effective date provision was necessary as to the section repealing chapter 456 (§ 133-A) so that the repealer would not go into effect earlier than the chapter it was repealing. A nonemergency piece of legislation and its subsequent nonemergency repealer passed at the same session would in the ordinary course go into effect simultaneously, without the need for any special effective date provision on the repealer.