STATE OF MAINE
CUMBERLAND, SS.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2001 FEB 27 P 2: 20

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-02-27

C & C FAMILY, LLC.,

      Plaintiff

v.

**DECISION AND JUDGMENT**

INHABITANTS OF THE
TOWN OF GORHAM and
RUSTY KNOLL HOLDINGS, INC.,

      Defendants

## I. BEFORE THE COURT

This case is before the court on a complaint pursuant to M.R. Civ. P. 80B (Count I), and an independent claim for declaratory judgment (Count II) regarding rights over Rust Road, crossing plaintiffs property in the Town of Gorham (Town). Rust Road is abandoned and leads from Fort Hill Road (State Route 114) on the easterly end to West Gorham on the other side of Little River.

The 80B appeal stems from a "Stop Work Order" from Gorham's code enforcement officer concerning a grass airstrip being constructed across the Rust Road, which later resulted in a declaration by the Town Council that the airstrip was an obstruction and must be removed. It is from this action that the plaintiff appeals.

The court issued a previous Order pending final judgment, that enjoined plaintiff from preventing Rusty Knoll Holdings, Inc. (Rusty Knoll) and the public from crossing the airstrip and that the approach to the airstrip on the road must be such to allow vehicles that can legally be used on public ways, including log trucks, to pass over the airstrip.

The Town had determined that even though Post Road was not regularly maintained, a public easement exists over the road. It was also determined that plaintiff's construction of an airfield was in violation of the Gorham Land Use Development Code (Chapter IV, Section II(A)(7) and Section III(A)(1)(h)), which requires site plan review for "earth moving, removal, grading and filling activities for more than one-thousand (1,000) cubic yards of material and which is not associated with a building construction project."

In addition to opposing the 80B appeal, the Town asks for judgment on the abandonment/public easement issue and has filed a counterclaim pursuant to M.R. Civ. P. 80K (Land Use Violation), and for obstruction of a public easement and for a public nuisance. The Town also seeks attorney fees and costs.

Defendant Rusty Knoll is a Maine corporation that owns real estate abutting a portion of Rust Road and requested that the Town hold a hearing to determine the status of the road because the existence of the airstrip interferes with access to its woodlot and logging operation.

Rusty Knoll opposes plaintiff's action and filed its own counterclaim to enjoin C&C Family, LLC (C&C) from obstructing Rust Road, to require plaintiff to remove any obstruction and for damages for the time the obstruction was in place. Rusty Knoll also seeks attorney fees and costs.

Because of the nature of the claims and defenses by the several parties, it was necessary for the court to conduct an extensive jury-waived trial and join the parties at the site for a view and walk-through of Post Road from its easterly intersection with Fort Hill Road to the westerly side of the Little River.

## II. BACKGROUND[1]

C&C was formed by Alysan and Alan Caruso with others for the purpose of purchasing real estate on Fort Hill Road in September of 2000.[2] Alysan Caruso grew up on Fort Hill and wanted to return to the area. The Carusos' were unsuccessful in attempts to purchase the property from Thomas Skehan, even though they had offered more than the asking price. Their negotiations through C&C were conducted by Eric Cianchette an original principal in C&C. The real estate in question consists of approximately 175 acres.

Having spent her childhood and adolescent years in the neighborhood, Alysan Caruso knew of the existence of Rust Road as a dirt road used by farmers for their equipment. In fact, the property description in their deed, Exhibit 81, makes reference to "an abandoned Town road know[n] as Rust Road . . .". Even though the Carusos paid a sizeable sum for the land, they did not conduct a title search or investigate the legal status of the road.

In September 2001, C&C began construction of the airstrip by moving several thousand cubic feet of earth material from various areas on the property to level the airstrip. C&C did not seek or obtain permission or permits from the Town.

When the construction work came to the attention of the Town's code enforcement officer, he posted the Stop Work Order on the property on September 13, 2001, and provided actual notice to the Carusos on September 17, 2001. The notice included a provision for the owners to appeal the Stop Work Order within thirty days. The Carusos stopped work, but did not file a timely appeal.

---

[1] To the extent that the court sets out facts, they constitute the court's findings by a preponderance of the evidence, unless otherwise stated.

[2] Other principals in C&C later withdrew after the real estate was purchased.

In December 2001, Rusty Knoll requested that the Town Council hold a hearing to determine the status of Rust Road from Fort Hill Road to the Little River. On March 5, 2002, the Town Council voted that Rust Road had been discontinued by abandonment and that a public easement remains on the road. The Council did not, however, state when the abandonment occurred, nor is there any record that the Town Council ever voted affirmatively to retain a public easement over Rust Road.

The Carusos, however, took no action concerning any of the Town's decisions until after the Town Council voted on May 7, 2002, "that the airstrip constructed across the public easement on Rust Road [is] an obstruction" and ordered its removal within thirty days. The Carusos then filed this lawsuit seeking to have the determination of the airstrip as an "obstruction" vacated and for declaratory judgment that no public easement remains in Rust Road.

### III. DISCUSSION

#### A.    Rule 80 B / Airstrip

The evidence is clear that the plaintiffs began construction of the airstrip without seeking permits. Even though all of the earth material that was moved to level the site came from the property and was not imported, it still constitutes a violation of the Land Use Development Code as stated above. No further discussion is required.

#### B.    Rust Road / Public Easement

The location of Rust Road is easily determined even though it has not had regular use for many years. Even without upgrades, it appears that a four-wheel drive vehicle or truck could negotiate it from Fort Hill Road to the Little River. The bridge over the river is currently impassable except on foot. In its present state, parts of the road in the lower section near the airstrip and some portions between the airstrip and the bridge may not be passable in Maine's mud season or for a time after heavy rains.

4

There is no question that Rust Road was a public way used by the public and maintained by the Town for at least a century and a half.

Any evidence, however, of continued use and maintenance fades out as we get further into the twentieth century.

The Town council exercise control over the road 1982 and 1983 when it voted to close it in the winter months. There is no evidence that in closing or discontinuing the road that the Town council affirmatively voted to preserve a public easement, several votes to close it for the winter months does not amount to the necessary affirmative declaration; however, the Town took the action at the request of a neighbor, Norman Martin, Mrs. Caruso's father, who complained about kids using the road which is indicative of free access by the public.

There is no doubt that the road was abandoned. No specific action is required by the Town unless it wants to maintain the public easement.

> It is prima facie evidence that a town or county way not kept passable for the use of motor vehicles at the expense of the municipality or county for a period of 30 or more consecutive years has been discontinued by abandonment.

> A presumption of abandonment may be rebutted by evidence that manifests a clear intent by the municipality or county and to consider or use the way as if it were a public way.

23 M.R.S.A. § 3028(1).

In the case of actual discontinuance of a road under 23 M.R.S.A. § 3026 a public easement is retained.

> Upon approval of the discontinuance order by the Legislative body . . . a public easement shall, in the case of town ways be retained . . . .

The Law Court has said that presumption of abandonment of a town way arises when it is not kept passable for a period of thirty years or more only when there has been a continuous failure to fund repairs fro thirty years. *Town of South Berwick v.*

5

*White*, 412 A.2d 1225 (Me. 1980). There is no threshold amount, but it must be more than *de minimus*; e.g., funds for bridge repair, scraping, brush cutting, and other maintenance are sufficient. *Id.* Here, the Town of Gorham replaced the bridge over the Little River after it was washed out by a hurricane in 1956. In fact, two years later, the road and approaches to the bridge were sufficiently improved so that William Rust was able to travel from the west side of the Little River to Fort Hill Road in his Nash Rambler. There was occasional use by the public, "even five to ten cars per week, except in the winter." (Testimony of William Rust)

The planks on the bridge were replaced in 1970 and as recently as 1983, Rust traveled over the road to get to his wood lot on the east side of the river.

Mark Faulkner used Rust Road from Route 114 to haul logs, although by that time the Little River bridge was not sufficiently safe for large trucks.

There is other evidence of regular, though not frequent, use by other people who used the road through the 1930's to the 1970's.

In 1997, the Town sold the bridgework for the Little River Bridge to Rusty Knoll Farm; but, indicative of an understanding or belief that it maintained an interest in the road, the Town retained an option for ninety-nine years to repurchase the bridgework.

Rust Road has been neglected and abandoned, but not for the thirty-year continuous period required by statute.

## IV. DECISION AND JUDGMENT

The clerk will make the following entries as the Decision and Judgment of the court:

A.   The Town's "Stop Work Order" was not appealed is a valid and enforceable Order.

B.   The airstrip, as constructed without permits, violates the Town's Land Use Development Code.

**C.** **(a)** It is ordered that unless the plaintiffs begin the proper permit process pursuant to the Land Use Development Code, within sixty (60) days of the date of this judgment, they shall within 120 days of this judgment remove the airstrip and restore the land, as nearly as possible, to its pre-excavation condition.

**(b)** In the event a permit issues, plaintiffs shall comply with all conditions thereon.

**(c)** In the event that a permit is denied, plaintiffs shall, within sixty (60), days of the date of denial remove the airstrip and restore the land as nearly as possible to its pre-excavation condition.

**D.** Whereas the plaintiff ceased work on the airstrip when the Stop Work Order issued, and has complied with the court's prior Order, no penalty is imposed; however, in the event that plaintiff does not comply with this Order regarding permits and/or restoration, the Town may renew its request for penalties or sanctions, including attorneys fees and costs.

**E.** The court finds that Rust Road from Fort Hill Road (State Route 114), westerly to the Little River was established as a public way in 1789.

**F.** The court finds that the Rust Road from Fort Hill Road to the Little River is an abandoned road subject to 23 M.R.S.A. §§ 3026 and 3028.

**G.** Although Rust Road is abandoned, the Town did not forego the public easement remaining in Rust Road and it continues to the present.

**H.** It is further Ordered that the plaintiff shall take no action to bar or restrict access to the public for use of Rust Road by motor vehicle or any use consistent with lawful use of a public easement.

**I.** No costs or attorney fees are awarded to any party.

SO ORDERED.


DATED: February 26, 2007

Thomas E. Delahanty II
Justice, Superior Court

7

Date Filed __06-05-02__  CUMBERLAND  Docket No. __AP-02-27__

County

Action __80B APPEAL__

C & C FAMILY, LLC

TOWN OF GORHAM
RUSTY KNOLL HOLDINGS, INC.

vs.

| Plaintiff's Attorney | Defendant's Attorney ~~ANGELA G. CROCKER, ESQ.~~ |
|---|---|
| ~~MICHAEL H. HILL, ESQ.~~ JOHN J. WALL, III, ESQ. Monaghan Leahy, LLP P.O. Box 7046 Portland, ME 04112-7046 (207) 774-3906 | WILLIAM DALE, ESQ (Gorham) PO BOX ~~7046~~ 4510 PORTLAND, ME 04112 ~~774-3906~~ RONALD SCHNIEDER, ESQ.(Rusty Knoll) CHRISTOPHER VANIOTIS, ESQ. (Rusty Knoll) Bernstein Shur Sawyer & Nelson P.O. Box 9729 Portland, ME 04104-5029 (207) 774-3906 |

Date of
Entry